JP:MKM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M12-0355**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

YAW AMOAH,

          Defendant.

PRE-ARRAIGNMENT
C O M P L A I N T

21 U.S.C. §§ 952(a)
and 960)

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      GREGORY STEMKOWSKI, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about April 8, 2012, within the Eastern District of New York and elsewhere, defendant YAW AMOAH did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

1. On or about April 8, 2012, the defendant YAW AMOAH arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Delta Airlines flight No. 27 from Accra, Ghana.

2. The defendant YAW AMOAH was selected by Customs and Border Protection ("CBP") Inspectors for an examination. During the examination, the defendant was nervous, fidgeted, and was unable to maintain eye-contact. When asked about the reason for his visit, the defendant stated that he was planning to vacation for three weeks in the United States and that he would be staying at his aunt's house in Delaware. However, during an inspection of the defendant's baggage, a CBP officer found two pieces of paper with different names of hotels located near LaGuardia Airport and JFK Airport. In addition, the defendant only was carrying ninety-three dollars and did not have a ticket for a connecting flight to Delaware. When asked if he was planning to stay at one of the hotels on the pieces of paper found in his baggage, the defendant became even more nervous.

3. The defendant YAW AMOAH's baggage was searched and he was subjected to a pat down search. The results of both searches were negative. However, the defendant continued to appear very nervous.

4. The defendant YAW AMOAH's aunt was contacted via telephone and she stated, in sum and substance, that she was not aware that her nephew was traveling to the United States.

5. Based upon the foregoing, CBP officers conducted a further interview, whereupon the defendant YAW AMOAH admitted in sum and in substance that he swallowed foreign bodies. He was then presented with an x-ray consent form, which he read, understood and voluntarily signed.

6. An x-ray of the defendant YAW AMOAH was taken at the JFK medical facility. The x-ray revealed the presence of foreign bodies.

7. The defendant YAW AMOAH subsequently passed 9 pellets, one of which was probed and the contents field-tested positive for the presence of heroin.

8. The defendant YAW AMOAH will be detained at the JFK medical facility until such time as he has passed all of the pellets currently in his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant YAW AMOAH be dealt with according to law.

GREGORY STEMKOWSKI
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
9th day of April, 2012

HONORABLE VIKTOR POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK